IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Anunnaki Mayor Sholom El Blakeney,  )<br>  )<br>               Plaintiff,  )<br>  )<br>       vs.  )<br>  )<br>Virginia Department of Social Services,  )<br>DCSE;  )<br>Sandra Austin, DCSE Agent Norfolk  )<br>District;  )<br>Paula C. Merritt, DCSE Agent Norfolk  )<br>District;  )<br>Daniela Wagner, DCSE Agent Norfolk  )<br>District;  )<br>Lourdes Burley, DCSE Agent  )<br>Petersburg District;  )<br>Carmen M. Silmon, DCSE Agent  )<br>Newport News District;  )<br>Automatic Data Processing,  )<br>  )<br>  )<br>               Defendants.  )<br>  ) | Civil Action No. 6:15-2064-HMH-KFM<br><br>**REPORT OF MAGISTRATE JUDGE** |

The *pro se* plaintiff is a resident of Taylors, South Carolina. The plaintiff has brought suit against the Virginia Department of Social Services, five employees of the division of Child Support Enforcement of the Virginia Department of Social Services, and an entity referred to by the plaintiff as Automatic Data Processing.[1]

---

[1] It is not clear from the caption of the complaint whether "Automatic Data Processing" refers to a contract provider of human resources services to companies and businesses (www.adp.com) or to other entities providing automatic data processing for child support enforcement systems. The party information provided by the plaintiff on page two of the complaint indicates that the plaintiff is referring to "Darden Automatic Data Processing" of El Paso, Texas.

The plaintiff is attempting to challenge child support obligations imposed by the Commonwealth of Virginia. The plaintiff discloses that he had filed a case in the Family Court for Greenville County, but the case was dismissed (doc. 1 at 1). The plaintiff also indicates that his wages have been garnished to pay child support (*id*. at 1-2).

In the "Statement of Claim" portion of the complaint, the plaintiff alleges that he sent affidavits and other documents to the Virginia Department of Social Services–Department of Child Support Enforcement via certified mail and that there was no rebuttal. He believes "silence is accepted as contract." The plaintiff further states that he is not the same as a "ficticous [*sic*] entity, all capital letters (legal fiction)" and that he is attempting to "reclaim" his body and estate. He says he is an antediluvian patriarch, Benjaminite, Noahite, Adamite, "as well as son of Anu" and that the practice of law cannot be licensed by any State because the practice of law is an occupation of common right (*id*. at 3). The plaintiff avails himself of the ministerial exception in the Religious Freedom Restoration Act and the decision of the Supreme Court in *Hosanna-Tabor Evangelical Lutheran Church and School v. EEOC*, 132 S.Ct. 694 (2012) (*id*.). In his prayer for relief, the plaintiff seeks dismissal of any and all claims against him; payment of restitution to "replace anguish" arising out of the defendants' coercive acts and fraudulent joinder; damages with "real" money; and the surrender of all documents with the plaintiff's name in capital letters; and personal properties and real estate to pay the plaintiff's counterclaims (*id*. at 5).

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915. The plaintiff is a *pro se* litigant, and thus the plaintiff's pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 90–95 (2007)(*per curiam*). When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. *Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 554

(D.S.C. 2008). Even under this less stringent standard, the complaint is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

The Virginia Department of Social Services is immune from suit under the Eleventh Amendment, which divests this court of jurisdiction to entertain a suit brought against Virginia or its integral parts, such as a state agency or department. *See, e.g., Fed. Maritime Comm'n v. South Carolina State Ports Auth.*, 535 U.S. 743, 744–45 (2002). The five individual defendants are immune from suit in their official capacities as employees of the Division of Child Support Enforcement of the Virginia Department of Social Services. *See Brown v. Lieutenant Governor's Office on Aging*, 697 F. Supp. 2d 632, 635 (D.S.C. 2010) (citing *Gray v. Laws*, 51 F.3d 426, 430 (4th Cir. 1995)). This court does not have jurisdiction to review an order by a Family Court in South Carolina or a Virginia court of similar jurisdiction[2] regarding the plaintiff's child support. A federal district court cannot review decisions of state courts in non-habeas civil cases. Although the application of the *Rooker-Feldman* doctrine has been limited, *see, e.g.*, *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005), and *Davani v. Virginia Dept. of Transp.*, 434 F.3d 712, 716–20 (4th Cir. 2006), appeals of orders issued by lower state courts must go to a higher state court. Secondly, the Congress, for more than two hundred years, has provided that only *the Supreme Court of the United States* may review a decision of a state court in a direct appeal. 28 U.S.C. § 1257; *see also* 28 U.S.C. § 1738 (federal court must accord full faith and credit to state court judgment); 28 U.S.C. 1738A (full faith and credit for child

---

[2]In Virginia, courts having jurisdiction over juveniles, family relations, child custody, and child support are called "Juvenile and Domestic Relations District Courts." *See* Va. Code 16.1-241 (2015).

3

custody orders by state courts); and 28 U.S.C. 1738B (full faith and credit for child support orders issued by state courts).

When a case is subject to summary dismissal or is frivolous, a district court may deny *in forma pauperis* status and dismiss the case, even though the litigant qualifies for *in forma pauperis* status solely based on the financial information provided to the court. *See* 28 U.S.C. § 1915(e)(2)(B). Accordingly, it is recommended that the plaintiff's motion for leave to proceed *in forma pauperis* (doc. 4) be *denied*.

## **CONCLUSION AND RECOMMENDATION**

Based on the foregoing, I recommend that the district court dismiss the above-captioned case *without prejudice* and without service of process. It is also recommended that the district court deny the plaintiff's motion for leave to proceed *in forma pauperis* (doc. 4). The plaintiff's attention is directed to the notice on the next page.

IT IS SO RECOMMENDED.

s/ Kevin F. McDonald
United States Magistrate Judge

May 21, 2015
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The plaintiff is, hereby, advised that the may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk of Court**
**United States District Court**
**300 East Washington Street — Room 239**
**Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).